**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RAYMOND K. ASARE, a.k.a Raymond Asare, | No. 11-71083 |
| Petitioner, | Agency No. A096-396-374 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Raymond K. Asare, a native and citizen of Ghana, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order. Our jurisdiction is governed by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law, *Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1099 (9th Cir. 2011), and we deny in part and dismiss in part the petition for review.

The BIA correctly determined that Asare is removable under 8 U.S.C. § 1227(a)(2)(A)(ii) on the basis of his two convictions for petty theft with prior convictions of theft, in violation of California Penal Code § 666. *See United States v. Esparza-Ponce*, 193 F.3d 1133, 136-37 (9th Cir. 1999) (petty theft is a crime involving moral turpitude).

The BIA correctly determined that Asare is ineligible for cancellation of removal because he was served with a Notice to Appear in March 2010, less than seven years after his admission to the United States in July 2003. *See* 8 U.S.C. § 1229b(a)(2) (applicant must establish seven years of continuous residence after admission), (d)(1)(A) (period of residence ends with service of Notice to Appear).

To the extent Asare challenges the IJ's denial of his application for asylum, we lack jurisdiction to consider his challenge because he did not exhaust it before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (issues not argued in a petitioner's BIA appeal brief are unexhausted, and the court lacks jurisdiction to consider them).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**